STATE OF NORTH CAROLINA v. JAMES WHITE, JR.

(Filed 22 May 1968.)

**Rape § 5—**

    Evidence in this case *is held* sufficient to be submitted to the jury on the issue of defendant's guilt of the crime of rape.

APPEAL by defendant from *Bailey, J.,* October 30, 1967 Criminal Session, DURHAM Superior Court.

In this criminal prosecution, the defendant, James White, Jr., was tried upon a bill of indictment which charged the capital felony of rape. The victim, Shirley Ann Rebells, a colored female, age 20 years, and weighing 96 pounds, resided with her mother on Odell Street in Durham. On the night of August 23, 1966, at about 11:45, as she was returning home from a visit to a relative who lived nearby, a tall colored man, with long hair, whom she did not know, asked for directions to the Robinson factory. She gave him directions, and as she continued on her way, the man seized her from behind, choked her, struck her in the face with his fist, dragged her into a junk yard where he violently beat her, stripped off her clothes, and raped her. He then dragged her from the junk yard across the railroad tracks into the bushes and again raped her. During the process, all of her clothes and part of his were removed. While he was hunting for one of his shoes, which he had lost in the struggle, she escaped in the bushes, and when he left, she went to the first house for help.

The owner and his wife took her in, gave her some clothes, and called the police. Miss Rebells gave a detailed description of her assailant and told the police where the assault had occurred. They took her to the hospital where for the next two weeks she underwent treatment for her injuries.

Here, in part, is the doctor's testimony with respect to the victim's injuries: "Her hair was disheveled and dirty; her face was puffy; and her eyes were swollen to such an extent that her lids could only be opened enough to form tiny slits. There was dried blood in both eyes. There was a superficial laceration less than one-half inch long on the left upper eyelid. She had bruised areas over the back and upper central part of her chest, and superficial scratches over the back, lower abdomen, left breast, front and outer thighs, and lower legs and ankles. The examination revealed some dried blood on the outside of her female organs. . . . X-rays revealed a fracture of the left cheek bone. My best opinion is that she had had recent intercourse."

The officers found the victim's clothing in the junk yard and in the bushes across the street. They found blood in the junk yard.

They later found a man's shoe, a pair of men's shorts, and a pair of men's pants. From photographs in the rogue's gallery, she immediately identified the picture of her assailant.

The defendant was arrested in Washington, D. C. in May, 1967. Miss Rebells positively identified him in Washington and repeated the identity to the jury. The State introduced in evidence articles of clothing found in the places the victim testified the assault occurred.

A State's witness testified the defendant came to his house while he was in bed one morning in August, 1966 and asked to borrow a pair of pants. He had something wrapped around him, but not clothed otherwise. The witness gave him a pair of trousers which later in the day were found at the door, inside the screen. Another witness identified the shorts which he had given to the defendant. Another witness identified the shoes as having belonged to the defendant. "The right shoe had a slit in it at the back because he had a sore back of his heel." These articles of clothing were introduced in evidence after being identified by the witnesses.

At the close of the State's evidence, the defendant moved for a directed verdict of not guilty and assigned as error the Court's refusal to grant the motion. The defendant did not offer evidence. The jury returned a verdict of guilty of rape with a recommendation that the punishment be imprisonment for life. From the judgment entered accordingly, the defendant appealed.

*T. Wade Bruton, Attorney General; George A. Goodwyn, Assistant Attorney General for the State.*
*Jerry L. Jarvis for the defendant.*

PER CURIAM. It will be difficult indeed to find in our books a case in which more compelling evidence of guilt was presented by the State. By independent evidence, the victim's story was amply corroborated in all essential details and contradicted in none. The defense counsel, as was his duty, questioned the sufficiency of the evidence to convict. Likewise, he questions the accuracy of the Court's charge. In neither particular was he successful in making the challenge good. The evidence was overwhelming and the Court's charge fully sustained by our decisions. In addition to the points raised by defense counsel, we have examined the record with that care which is customary in capital cases and find the trial free from error. In recommending life imprisonment, the jury did not deal harshly with the defendant.

No error.